IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00357-01-CR-W-BP |
| ) | |
| DYQWON D. BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS**

Defendant Dyqwon Brown has been charged with being a felon in possession of ammunition. He filed a Motion to Suppress, (Doc. 32), contending that the ammunition should be suppressed. The Honorable Jill A. Morris, United States Magistrate Judge for this District, held a hearing on February 26, 2021, and she issued a Report recommending that the Motion to Suppress be denied. (Doc. 47.) Defendant objects to Judge Morris's Report and Recommendation ("the Report").

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, and Defendant's objections. Having conducted this review, the Court adopts the Report as the Order of the Court and denies the Motion to Suppress; the Court's discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

## I. BACKGROUND

The ammunition was recovered when Defendant was brought to Research Medical Center, ("RMC"), with a gunshot wound. RMC employs both private security officers and off-duty Kansas City, Missouri Police Department Officers, but they perform different functions.

While treating the patient ER staff remove the patient's clothing, and it is searched by the private security officer. This is done pursuant to RMC policy to ensure the safety of RMC personnel. This search is conducted for all trauma victims, regardless of whether the injuries appear related to criminal activity. (*E.g.*, Doc. 45, pp. 12, 17.) If the security officer finds contraband (which could consist of weapons or illegal substances), the contraband is secured and the police are advised. RMC's policy does not call for (or, apparently, permit) the off-duty officer to conduct this search. Instead, the off-duty officer's responsibility is to make sure that doctors and other personnel are not attacked or assaulted. The off-duty officer stays in the Emergency Room, typically near "Pod 3" which is reserved for overdose patients and others who are inclined to become belligerent.

In addition, if a gunshot victim is brought to RMC, the off-duty officer is told of that fact. The officer then radios dispatch so that an on-duty officer can come to RMC and investigate. (Doc. 45, pp. 28, 30.) The investigation is not conducted by the off-duty officer.

Defendant was brought to RMC on April 21, 2019, with a gunshot wound. Consistent with RMC's policy he was assigned a number and his clothes were removed. His clothes were searched by Terrance Cosby, who was a security officer employed by a private security company that had a contract with RMC. During his search of Defendant's clothes Cosby found a magazine and ammunition. RMC regards ammunition as contraband, so Cosby took the ammunition so that it could be given to the police.

At some point, Detective Galloway radioed to dispatch that a gunshot victim had been admitted to the ER at RMC. Officer Jacob Alexander went to RMC in response to Detective Galloway's call. At this point, neither Detective Galloway or Officer Alexander knew Defendant's

2

name, nor did they know anything about the incident in which he was shot. Cosby gave the ammunition and, later, Defendant's clothes to Officer Alexander.

## II. DISCUSSION

The Fourth Amendment circumscribes the Government's ability to search a person or his effects, but the Fourth Amendment does not apply to a search conducted by a private individual unless the private individual is an agent or instrument of the government. "Three factors determine whether a private individual is acting as, or with the participation of, a government official: (1) whether the government had knowledge of and acquiesced in the intrusive conduct; (2) whether the citizen intended to assist law enforcement or instead acted to further his own purposes; and (3) whether the citizen acted at the government's request." *United States v. Avalos*, 984 F.3d 1306, 1307-08 (8th Cir. 2021) (quotations omitted). The Court finds that Cosby acted on behalf of RMC, that both were private individuals, and that neither acted as agents or instruments of the government when Defendant's clothes were searched and the ammunition was "seized". Therefore, the search did not violate the Fourth Amendment.

Defendant does not dispute that Cosby and RMC were private individuals, or that a search conducted by Cosby on RMC's behalf would not violate the Fourth Amendment. Instead, he argues that the Record does not support a finding that Cosby conducted the search because neither he nor Detective Galloway specifically recalled the events of April 21, 2019. After conducting a de novo review, the Court finds that Cosby conducted the search. Facts supporting this finding include: (1) RMC policy required its private security officers to conduct the searches in the trauma room, (2) searches in the trauma room were not conducted by off-duty police officers, (3) RMC practice called for off-duty police officers to protect and intervene in case patients threatened staff members' safety, so Detective Galloway would not likely have been in a place where he could

3

search the clothing, (4) Officer Alexander testified that he received the ammunition from Cosby, (5) Detective Galloway testified that off-duty officers (including him), "never search" the trauma victims' belongings, (Doc. 45, p. 31), which forecloses the possibility that he did so on this occasion, and (6) there is no evidence that the search was conducted by anyone other than Cosby. Therefore, the Court finds that the search of Defendant's clothing was conducted by a private individual and there is no Fourth Amendment violation.

### III.  CONCLUSION

For these reasons, the Court **OVERRULES** Defendant's objections, (Doc. 50), **ADOPTS** Judge Morris's Report and Recommendation, (Doc. 47), and **DENIES** the Motion to Suppress. (Doc. 32.)

**IT IS SO ORDERED.**

DATE: May _12_, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT